**JENNESS v. SEIDL et ux.**

No. 7540.

Court of Civil Appeals of Texas. Austin.

Dec. 23, 1930.

Rehearing Denied Jan. 14, 1931.

W. A. Morrison, of Cameron, and J. W. Garner, of Rockdale, for appellant.

E. A. Wallace, of Cameron, for appellee.

**BAUGH, J.**

John W. Seidl and wife sued appellant, who resides in Harris county, Tex., to cancel a note executed by Seidl payable to appellant in Milam county, and secured by a mortgage on personal property situated in Milam county, on the grounds that the note was procured by fraud and that most of the personalty was the separate property of Mrs. Seidl, mortgaged by her husband without her knowledge or consent. The plea of privilege of Jenness to be sued in Harris county, duly controverted, was overruled by the trial court; hence this appeal.

Two contentions are presented: One, that the controverting affidavit, which set out at length the grounds relied upon to fix venue in Milam county, was insufficient as against general and special demurrers; and, second, that the proof on said hearing clearly negatives any fraud.

Seidl purchased from Jenness 175 acres of land in Milam county in 1924, assumed a federal farm loan of $10,000, and gave

second lien notes for $12,580. From 1924 to 1929 Jenness made numerous advances to Seidl to make crops on said land and to pay interest to the Federal Land Bank. Seidl made numerous payments during those years to Jenness, but paid none of the vendor's lien notes. The fraud alleged was that it was agreed by Jenness in 1927 and 1928 that payments made to him by Seidl were to be first applied to repayment of such advances, so that upon extinguishment of same the personal property would be free of the mortgage liens upon it; that Jenness represented to Seidl that he was so applying such payments, but that instead he was applying same to payment of interest on the land notes; that in 1929 he represented to Seidl that there was still due on said advances the sum of $1,928.35 for which the note and mortgage sought to be canceled were executed; whereas, as was known to Jenness at the time, all of said advances had been paid, and such false representations were made for the purpose of inducing Seidl to give a mortgage on said personalty as additional security, so that by foreclosure Jenness might obtain both the land and the personal property; that such representations were false and fraudulent, were made in Milam county, that Seidl believed and relied upon same, and was induced thereby to execute said note and mortgage.

The land was recovered by Jenness in another suit, and by cross-action in this suit, subject to his plea of privilege, he seeks judgment on said note and for foreclosure of his mortgage on said personalty.

It is manifest, we think, that the allegations above set out in brief, if sustained by proof, were sufficient to establish fraud in the respects pleaded. There is no controversy but that such fraud, if shown, occurred in Milam county. If the suit be properly maintainable there on that ground, the other grounds of venue urged become immaterial and we pass them without discussion.

After a full hearing before the court on said plea of privilege, the trial court found in his findings of fact as follows:

"I find that the plaintiffs have introduced evidence sufficient to support a finding upon a trial of the case upon its merits that he signed the note and mortgage for the reason and under the circumstances stated in the controverting plea to the plea of privilege, which evidence would be sufficient to support an affirmative finding of the truth of the allegations upon the trial of the case on its merits, and that such fraud in fact was committed in Milam County, Texas."

We have read carefully the statement of facts and decline to disturb that finding. Both appellant and appellee testified at length, and their testimony on the fraud issue was conflicting. It is not our prerogative to pass upon its credibility. If it raised an issuable fact on the matters alleged, the venue was properly sustained in Milam county. Nothing would be added to the jurisprudence of the state by undertaking to summarize or set out the testimony here. It was sufficient, viewed in its most favorable light, to sustain the trial court's finding, the only matter presented to us in that connection. The judgment of the trial court overruling said plea of privilege is therefore affirmed.

Affirmed.